IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TUAN C. FIELDS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−1258−NJR |
| | ) | |
| SALVADOR GODINEZ, | ) | |
| DONALD STODWORTHY, | ) | |
| GLADYSE TAYLOR, | ) | |
| MICHAEL RANDLE, | ) | |
| TY BATES, | ) | |
| HENRY BAYER, | ) | |
| JOHN R. BALDWIN, | ) | |
| KIMBERLY BUTLER, | ) | |
| RICK HARRINGTON, | ) | |
| MICHAEL ATCHISON, | ) | |
| SHANNIS STOCK, | ) | |
| ALEX JONES, | ) | |
| TODD BROOKS, | ) | |
| ANTHONY WILLIAMS, | ) | |
| JACQUELINE A. LASHBROOK, | ) | |
| DOUG LYERIA, | ) | |
| WILLIAM REES, | ) | |
| BRAD THOMAS, | ) | |
| TONY FERRANTO, | ) | |
| RICHARD PAUTLER, | ) | |
| JAMES R. BROWN, | ) | |
| JOSEPH COWAN, | ) | |
| CHAD E. HASSLEMEYER, | ) | |
| PAGE, | ) | |
| RICHARD D. MOORE, | ) | |
| PAUL OLSON, | ) | |
| BRIAN THOMAS, | ) | |
| BILL WESTFALL, | ) | |
| ROBERT DILDAY, | ) | |
| BOVALDI, | ) | |
| ROBERT HUGHS, | ) | |
| RAYMOND ALLEN, | ) | |
| JAY ZIEGLER, | ) | |
| JAMES BEST, | ) | |
| WHITELY, | ) | |
| CLINT MAYER, | ) | |

| | |
|---|---|
| **KENT BROOKMAN,** | ) |
| **MICHAEL SAMUEL,** | ) |
| **TORVILLE,** | ) |
| **WILLIAM QUALIS,** | ) |
| **JAMES A. HOPPENSTED,** | ) |
| **FRICKY,** | ) |
| **ROGER SHURTZ,** | ) |
| **JOSHUA BERNER,** | ) |
| **DANIEL DUNN,** | ) |
| **HARRIS,** | ) |
| **ANTHONY WILLS,** | ) |
| **SIMMONS,** | ) |
| **MCDANIELS,** | ) |
| **SPILLER,** | ) |
| **DONALD LINDENBERG,** | ) |
| **VERGIL SMITH,** | ) |
| **KARUSE BERNER,** | ) |
| **REBECCA CREASON,** | ) |
| **BAIG,** | ) |
| **GREATHOUSE,** | ) |
| **WHITESIDE,** | ) |
| **HILLERMAN,** | ) |
| **DELONG,** | ) |
| **KEWALKOWSK** | ) |
| **GRAW,** | ) |
| **MCCLURE,** | ) |
| **GAIL WALLS,** | ) |
| **BRAD BRAMLET,** | ) |
| **NEW,** | ) |
| **SHANE GREGSON,** | ) |
| **JENNIFER CLENDENIN,** | ) |
| **TONYA KNUST,** | ) |
| **MORGAN TEAS,** | ) |
| **DIA RODELY,** | ) |
| **KELLIE S. ELLIS,** | ) |
| **RODNEY ROY,** | ) |
| **LAFOND,** | ) |
| **CARLA DRAVES,** | ) |
| **VERGIL SMITH,** | ) |
| **SUSAN HILL,** | ) |
| **MARK PHONIX,** | ) |
| **J. COWAN,** | ) |
| **K. ALLSUP,** | ) |
| **BETSY SPILLER,** | ) |
| **JEANETTE COWAN,** | ) |
| **LORI OAKLEY,** | ) |

| | |
|---|---|
| **LINDA CARTER,** | ) |
| **MARVIN BOCHANTIN,** | ) |
| **KELLY PIERCE,** | ) |
| **SHERRY BENTON,** | ) |
| **TERRI ANDERSON,** | ) |
| **SARA JOHNSON,** | ) |
| **HURST,** | ) |
| **RAKERS,** | ) |
| **MCNEW,** | ) |
| **M. PRANGE,** | ) |
| **BRINKLEY,** | ) |
| **SIMPSON,** | ) |
| **OBUCINA,** | ) |
| **FISCHER,** | ) |
| **BRUCE RAUNER,** | ) |
| **B. SMITH,** | ) |
| **JEFF HUCHINSON,** | ) |
| **J. WHITLEY,** | ) |
| **MENARD CORRECTIONAL CENTER,** | ) |
| **ILLINOIS DEPARTMENT OF** | ) |
| **CORRECTIONS,** | ) |
| **WEXFORD HEALTH SERVICES, INC.** | ) |
| **UNIDENTIFIED JOHN AND JANE** | ) |
| **DOES,** | ) |
| **A.F.S.C.M.E., UNION LOCAL 1175** | ) |
| **COUNSEL 31 MEMBERS** | ) |
| **JAMIE WELBORN,** | ) |
| **MICHAEL MONJIE, and** | ) |
| **PAIGE** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Tuan C. Fields, Sr., an inmate of the Illinois Department of Corrections currently incarcerated at Hill Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that allegedly happened at Menard Correctional

Center. This case is now before the Court for a preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Second Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### The Second Amended Complaint

Plaintiff originally brought suit in Case No. 17-cv-315 on March 27, 2017, along with 26 other plaintiffs. (Doc. 1, p. 1). The Court determined that joinder of Plaintiff's claims in that

action was not appropriate pursuant to Federal Rule of Civil Procedure 20 and severed his claims into this action on November 20, 2017. (Doc. 1). At the same time, the Court also determined that the original Complaint violated Federal Rule of Civil Procedure 8 because of its length (51 pages plus 259 pages of exhibits) and the number of defendants named (over 100). (Doc. 1, p. 5). The Court ordered the Clerk to open a case for the claims brought by Plaintiff Fields, and directed Plaintiff to file an amended complaint. (Doc. 1). Plaintiff filed his "Second Amended Complaint" on December 21, 2017. (Doc. 8).

## Discussion

Plaintiff's First Amended Complaint was found to violate Fed. R. Civ. P. 8. Specifically, the First Amended Complaint was found to be so long (51 pages, plus 259 pages of exhibits) so as to be "unintelligible." (Doc. 1, p. 5). The First Amended Complaint also named well over 100 defendants, which the severance order found "impractical." *Id*. Moreover, the prior Order found that Plaintiff did not associate specific claims with specific Defendants, instead grouping defendants together generally. *Id*. In short, Plaintiff was directed to file a Second Amended Complaint because the First Amended Complaint was too long and failed to adequately provide the defendants with notice of the claims against them.

The Second Amended Complaint does not correct any of the errors of the First. Rule 8(a)(1) requires a plaintiff to submit "a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Although a district court is "not authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, . . . dismissal of a complaint on the ground that it is unintelligible is

unexceptional. Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id.* (internal citations and quotation marks omitted).

While the Second Amended Complaint omits the 259 pages of exhibits, it is still 43 typed-written pages long and names over 100 defendants. Moreover, Plaintiff continues to provide the defendants with inadequate notice of the claims against them. For example, Plaintiff states that he brings Claim #1[1] against Defendants "Godinez, Stolworthy,[2] Taylor, Randle, Bates, Bayer, Butler, Harrington, Atchinson, Stock, Moore, Jones, Ferranto, Dunn, Hirsch, Pautler, Brown, Cowan, Hasslemeyer, Lashbrook, Lyerla, Olson, Rees, Thomas, Ziegler, Dilday, Westfall, A.F.S.C.M.E. Union Local 1175 Counsel 31 members and Menard and /or Illinois Department of Corrections Staff and Employees and Administrators John and Jane Does's [sic] (to include those contracted for or by the Illinois Department of Corrections who, in their professional, individual or official capacities do promulgate, authorize, train, collude, or acquiesce or otherwise direct inmates to be deprived of out of cell exercise for extended periods of time for alleged institutional emergency lockdowns." (Doc. 8, p. 6). An odd footnote then clarifies that Plaintiff also intends to name "John Baldwin, Todd Brooks, Anthony Williams, Jeff Huchinson, Govaldi, Robert Hughs, Raymond Allen, Michael Monjie, James Best, Lt. Whitley, Clint Mayer, Kent Brookman, Michael Samuel, Torville, William Qualls, James Hoppensted, Lt. Fricky, Brad Thomas, Bruce Rauner, Hill, Phonix, S. Benton, J. Cowan, Allsup, Betsy Spiller, Jeannette Cowan, L. Carter, M. Bochantin, K. Pierce, Anderson, S. Johnson, Sgt. Karuse, J.

---

[1] This discussion is meant only to illustrate the problems with the Second Amended Complaint as an example; it is not intended to rule on the merits of any potential claims.
[2] In his list of defendants, Donald Stolworthy's name is spelled "Stodworthy," but the Court presumes this is the same individual.

Whitley." (Doc. 8, pp. 8-9). All told, Plaintiff named approximately 60 defendants in this count, plus a potentially unlimited number of John/Jane Doe defendants.

More egregiously, other than these bookends of names, Plaintiff's statement regarding Claim #1 mentions no defendants whatsoever. The Court is left to guess at what each individual did. The claim generally alleges that Plaintiff was confined to a "tiny" cell and deprived of exercise and that the prison administration imposed lockdowns for improper reasons, as opposed to legitimate penological reasons.[3] (Doc. 8, pp. 6-8). Plaintiff generally alleges that his cell was too tiny to exercise in, but he does not describe the cell(s) at issue in this count or explain how much exercise he was getting with and without the allegedly improper lockdowns. He alludes to prison administration, but does not identify who made up prison administration during that eight year period, despite the fact the prison administration at Menard changed significantly several times during those years. This is particularly egregious because some of Plaintiff's claims are likely barred by the statute of limitations. Plaintiff also makes repeated allegations that all defendants generally were aware of Plaintiff's condition without providing any facts to make that assertion plausible. In light of these issues, nothing in Claim #1 provides the defendants with a short and plain statement of the allegations against them.

The Second Amended Complaint follows this pattern throughout. Each claim is preceded by a large paragraph listing dozens of defendants (along with a footnote naming more), without including any of them in the actual statement of claim. This is improper. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not

---

[3] Interestingly, Plaintiff mentions lockdowns between 2009 and 2017. Christopher Pyles, another inmate at Menard, made similar allegations in his case, *Pyles v. Spiller*, 13-cv-299-SCW, 2016 WL 2957865 (S.D.Ill. May 23, 2016). Ultimately, the Court found that defendants submitted evidence tending to show that lockdowns were conducted for legitimate penological purposes between 2011 and 2013—a determination upheld on appeal. *Pyles v. Spiller*, 708 F. A'ppx. 279, 280 (7th Cir. 2017).

adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement). Moreover, portions of the Complaint appear to have been copied from other lawsuits because they refer to issues that are not present in this lawsuit. For example, on page 20, the reference switches from "Plaintiff" to "Plaintiffs and Class members." (Doc. 8, p. 20). Plaintiff no longer proceeds as a group, and there is no motion moving for class certification in this action. Plaintiff cannot meet the Court's order to submit a complaint that conforms to Federal Rule of Civil Procedure 8 by copying a past complaint that did not meet that standard. As it is clear that Plaintiff has not followed the Court's prior order and continues to submit a complaint that does not contain a short and plain statement showing that he is entitled to relief, the Court will once again dismiss the Complaint without prejudice.

**Pending Motions**

Plaintiff has a pending motion to recruit counsel in this case. (Doc. 5). A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a

plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

The court finds that Plaintiff has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010); *Brock v. Beelman Co.,* 2010 WL 1692769, at * 2 (S.D.Ill. Apr. 27, 2010). In response to the question on the form asking about Plaintiff's attempts to recruit counsel, Plaintiff wrote "N/A." That requirement is very much applicable to Plaintiff. The Court therefore presumes that Plaintiff has made no attempt to recruit counsel for this case on his own. Because Plaintiff has failed to make his threshold showing, the Court will not recruit counsel for him at this time. Plaintiff's Motion (Doc. 5) is **DENIED**.

## Disposition

**IT IS HEREBY ORDERED** that the Second Amended Complaint fails to comply with Federal Rule of Civil Procedure 8, and it will therefore be **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Third Amended Complaint, stating any facts which may exist to support his claims (on or before **June 29, 2018**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the

dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: May 25, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**